UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                  CASE NO.: 21-19115-BKC-LMI
                                                                                        Chapter 7
**SAID ANTONIO JAMETTE LARA**
SSN: XXX-XX-1829
**ANA RITA JAMETTE**
SSN: XXX-XX-7190
_____Debtors._____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE
AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF
DEBTORS' NON-EXEMPT ASSETS AND (B) TURNOVER OF THE ESTATE'S
INTEREST IN THE DEBTORS' 2021 FEDERAL INCOME TAX REFUND, NON-
INCLUSIVE OF ANY EARNED INCOME CREDIT**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Said Antonio Jamette Lara and Ana Rita Jamette (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Turnover of the Estate's Interest in the Debtors' 2021 Federal Income Tax Refund, Non-Inclusive of Any Earned Income Credit (the "Motion"), and in support thereof, states as follows:

**I.      Background**

1. This case commenced with the filing of a voluntary Chapter 7 Petition on September 21, 2021. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Trustee has evaluated the Debtors' property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtors is in the best

interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Turnover of the Estate's Interest in the Debtors' 2021 Federal Income Tax Refund, Non-Inclusive of Any Earned Income Credit, attached hereto as Exhibit "A" (the "Stipulation").

3. The Stipulation provides for the repurchase of Debtors' non-exempt assets (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtors has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtors' non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II. Legal Standard for Settlement

6. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In*

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, <u>inter alia</u>, relief without a hearing for motions to approve settlement.

*re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.  The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9.  According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a) the probability of success in the litigation;
>
> (b) the difficulties, if any, to be encountered in the matter of collection;
>
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Said Antonio Jamette Lara and Ana Rita Jamette, respectfully requests this Honorable Court enter an Order (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on November 24, 2021, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Tabas & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
25 SE 2nd Ave, Suite 248
Miami, FL 33131
Telephone: (305) 375-8171
Telefax: (305) 381-7708
Email: jtabas@tabassoloff.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CASE NO.: 21-19115-BKC-LMI
Chapter 7

SAID ANTONIO JAMETTE LARA
SSN: XXX-XX-1829
ANA RITA JAMETTE
SSN: XXX-XX-7190
____Debtors._____/

**STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A)
VALUATION AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS AND (B)
TURNOVER OF THE ESTATE'S INTEREST IN THE DEBTORS' 2021 FEDERAL
INCOME TAX REFUND, NON-INCLUSIVE OF ANY EARNED INCOME CREDIT**

Joel L. Tabas, as Chapter 7 Trustee, and the Debtors, Said Antonio Jamette Lara and Ana Rita Jamette (the "Debtors"), enter into this Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Turnover of the Estate's Interest in the Debtors' 2021 Federal Income Tax Refund, Non-Inclusive of Any Earned Income Credit (the "Stipulation"). The Trustee and the Debtors agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on September 21, 2021. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain property (collectively, the "Property").

3. The Debtors have claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued. Further, the Debtors made certain pre-petition improvements to the real property listed on schedule "A." The Trustee asserts that he may have a claim against the real property


Initials

# EXHIBIT "A"

CASE NO.: 21-19115-BKC-LMI

pursuant to 11 U.S.C. § 522(o) (the "Potential Claim"). Additionally, the Debtors' have a beneficial interest in a 2014 Chevy Sonic (the "Vehicle") which the Trustee asserts is an asset of the Estate. Finally, the Debtors' have an one-half interest in an undisclosed bank account with a Petition Date balance of $1,722.00 (the "Undisclosed Account").

5. The Debtors disputes certain aspects of the Trustee's analysis.

### THE SETTLEMENT

6. The Trustee and the Debtors agree to (a) compromise the valuation and repurchase of the non-exempt interest in the Property, the Vehicle, the Potential Claim and the Undisclosed Account for $4,000.00 (the "Settlement Amount") and (b) turnover of the Estate's sixty-seven percent (67%) interest in the Debtors' 2021 federal income tax refund, non-inclusive of any earned income credit (the "Refund").

7. The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtors' interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Potential Claim | 19.85% | $ 793.81 |
| 2019 Hyundai Tucson | 15% | $ 583.45 |
| 3 Beds, 3 dressers, sofa, table with 6 chairs, nightstands, armchair, coffee table, 2 end tables | 10% | $ 396.90 |
| 1 Television, 2 cellphones. | 2% | $ 79.38 |
| Used clothing and shoes | 0% | $ 15.88 |
| Earrings, rings, chain | 3% | $ 119.07 |
| cash | 0% | $ 3.97 |
| Chase #3950 | 2% | $ 79.38 |
| WFF #7068 | 1% | $ 39.69 |
| BOA #8101 | 3% | $ 119.07 |
| Robinhood | 5% | $ 205.21 |
| The Vehicle | 22% | $ 880.73 |
| Undisclosed Account | 17% | $ 683.47 |


Initials

8.   The Trustee and the Debtors agree that the Settlement Amount shall be paid in full on or before December 20, 2021.

9.   Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Said Antonio Jamette Lara and Ana Rita Jamette, Case No.: 21-19115-BKC-LMI," and shall be delivered to: **Joel L. Tabas, Trustee, at 25 SE 2nd Ave, Suite 248, Miami, FL 33131.**

10.   The Debtors agree to file their 2021 federal income tax return on or before April 15, 2022 and to provide the Trustee with a copy of the return within three (3) days of filing. The Debtors agree to turnover of the Refund within three (3) days of receipt. The Debtors agree not to take any actions that would impair the Refund.

11.   The Debtors represent and warrant that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtors have failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

12.   In the event that the Debtors fail to comply with the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the


Initials

remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtors' discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtors' discharge will not be revoked without a hearing.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

15. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE


Initials

CASE NO.: 21-19115-BKC-LMI

Dated this 22th day of November, 2021.           Dated this 22 day of November, 2021.

_____                 _____
Said Antonio Jamette Lara                        Joel L. Tabas, Trustee
10495 West 34th Ct                               25 SE 2nd Ave, Suite 248
Hialeah, FL 33018                                Miami, FL 33131
                                                 Telephone: (305) 375-8171
                                                 Facsimile:  (305) 381-7708

Dated this 22 day of November, 2021.

_____
Ana Rita Jamette
10495 West 34th Ct
Hialeah, FL 33018

Dated this 22 day of November, 2021.

_____
Monica Alvarez (#0716080) for
Ricardo Corona, Esq.                             Ricardo Corona
3899 Nw 7 St, Second Floor
Miami, FL 33126

5

Initials

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                       CASE NO.: 21-19115-BKC-LMI
                                                                                              Chapter 7
**SAID ANTONIO JAMETTE LARA**
SSN: XXX-XX-1829
**ANA RITA JAMETTE**
SSN: XXX-XX-7190

          Debtors.                         /

**[PROPOSED]**
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION**
**FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND**
**REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS AND (B) TURNOVER OF THE**
**ESTATE'S INTEREST IN THE DEBTORS' 2021 FEDERAL INCOME TAX REFUND,**
<u>**NON-INCLUSIVE OF ANY EARNED INCOME CREDIT**</u>

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Turnover of the Estate's Interest in the Debtors' 2021 Federal Income Tax Refund, Non-Inclusive of Any Earned Income Credit (the "Motion") [ECF    ], and the Court, having reviewed the Motion, having noted that no

# EXHIBIT "B"

objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, and the movant, by submitting this form of order, having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

The Trustee and the Debtors agree that the Settlement Amount provides for the repurchase of the Debtors' interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Potential Claim | 19.85% | $ 793.81 |
| 2019 Hyundai Tucson | 15% | $ 583.45 |
| 3 Beds, 3 dressers, sofa, table with 6 chairs, nightstands, armchair, coffee table, 2 end tables | 10% | $ 396.90 |
| 1 Television, 2 cellphones. | 2% | $ 79.38 |
| Used clothing and shoes | 0% | $ 15.88 |
| Earrings, rings, chain | 3% | $ 119.07 |
| Cash | 0% | $ 3.97 |
| Chase #3950 | 2% | $ 79.38 |
| WFF #7068 | 1% | $ 39.69 |
| BOA #8101 | 3% | $ 119.07 |
| Robinhood | 5% | $ 205.21 |
| The Vehicle | 22% | $ 880.73 |
| Undisclosed Account | 17% | $ 683.47 |

CASE NO.:  21-19115-BKC-LMI

The Trustee and the Debtors agree that the Settlement Amount shall be paid in full on or before December 20, 2021.

The Debtors agree to file their 2021 federal income tax return on or before April 15, 2022, and to provide the Trustee with a copy of the return within three (3) days of filing. The Debtors agree to turnover of the Refund within three (3) days of receipt. The Debtors agree not to take any actions that would impair the Refund.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

**Submitted by:**

Joel L. Tabas
Tabas & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
25 SE 2nd Ave, Suite 248
Miami, FL 33131
Telephone:   (305) 375-8171
Facsimile:   (305) 381-7708
Email:  jtabas@tabassoloff.com

**Copy furnished to:**

Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.

21-19115-LMI  
LAKEVIEW LOAN SERVICING, LLC  
Diaz Anselmo & Associates, P.A.  
PO BOX 19519  
FORT LAUDERDALE, FL 33318-0519

21-19115-LMI  
Synchrony Bank  
PRA Receivables Management, LLC  
PO Box 41021  
Norfolk, VA 23541-1021

21-19115-LMI  
AMERICAN HONDA FINANCE  
P O BOX 168088  
IRVING TX 75016-8088

21-19115-LMI  
Badcock  
11247 Sw 152nd St  
Cutler Ridge, FL 33157-1101

21-19115-LMI  
BANK OF AMERICA  
PO BOX 982238  
EL PASO TX 79998-2238

21-19115-LMI  
Capital One Bank Usa N  
1680 Capital One Drive  
Mc Lean, VA 22102-3407

21-19115-LMI  
Capital One Bank Usa N  
Po Box 31293  
Salt Lake City, UT 84131-0293

21-19115-LMI  
Cavalry SPV I, LLC  
500 Summit Lake Drive, Ste 400  
Valhalla, NY 10595-2321

21-19115-LMI  
Cavalry SPV II, LLC  
500 Summit Lake Drive, Ste 400  
Valhalla, NY 10595-2321

21-19115-LMI  
Central Loan Admin & R  
Po Box 77404  
Ewing, NJ 08628-6404

21-19115-LMI  
Chrysler Capital  
Po Box 961212  
Fort Worth, TX 76161-0212

21-19115-LMI  
Citi  
Po Box 6217  
Sioux Falls, SD 57117-6217

21-19115-LMI  
Citibank  
5800 South Corporate Place  
Sioux Falls, SD 57108-5027

21-19115-LMI  
Comenitybank/victoria  
Po Box 182789  
Columbus, OH 43218-2789

21-19115-LMI  
Comenitycap/eldorado  
Po Box 182120  
Columbus, OH 43218-2120

21-19115-LMI  
Comenitycb/bjsclub  
Po Box 182120  
Columbus, OH 43218-2120

21-19115-LMI  
Credit First N A  
Pob 81315  
Cleveland, OH 44181-0315

21-19115-LMI  
Crown Asset Management, LLC  
3100 Breckinridge Blvd, Suite 725  
Duluth, GA 30096-7605

21-19115-LMI  
DSNB MACY S  
CITIBANK  
1000 TECHNOLOGY DRIVE MS 777  
O'FALLON MO 63368-2222

21-19115-LMI  
Eagle Home Mortgage, L  
15550 Lightwave Dr Ste 2  
Clearwater, FL 33760-3504

21-19115-LMI  
Fed Loan Serv  
Pob 60610  
Harrisburg, PA 17106-0610

21-19115-LMI  
Flagstar Bank  
PO Box 660263  
Dallas, TX 75266-0263

21-19115-LMI  
Flynn Lavvrar, Esq.  
1133 S University Drive, 2nd Floor  
Fort Lauderdale, FL 33324-3303

21-19115-LMI  
Hyundai Capital Americ  
10550 Talbert Av  
Fountain Valley, CA 92708-6032

21-19115-LMI  
JPMORGAN CHASE BANK  N A  
BANKRUPTCY MAIL INTAKE TEAM  
700 KANSAS LANE FLOOR 01 MONROE  
LA 71203-4774

21-19115-LMI  
Lvnv Funding Llc  
C/o Resurgent Capital Services  
Greenville, SC 29602

21-19115-LMI  
Midland Funding  
320 East Big Beaver  
Troy, MI 48083-1238

21-19115-LMI  
Pollack & Rosen  
806 S. Douglas Road  
South Tower, Ste 450  
Miami, FL 33134-3157

21-19115-LMI  
Portfolio Recov Assoc  
120 Corporate Blvd., Ste 100  
Norfolk, VA 23502-4952

21-19115-LMI  
Space Coast Credit Uni  
8045 N Wickham Rd  
Melbourne, FL 32940-7920

| | | |
|---|---|---|
| 21-19115-LMI<br>Syncb/city Furniture<br>Po Box 965036<br>Orlando, FL 32896-0001 | 21-19115-LMI<br>Syncb/rooms To Go<br>Po Box 965036<br>Orlando, FL 32896-0001 | 21-19115-LMI<br>Thd/cbna<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 |
| 21-19115-LMI<br>The Bureaus Inc<br>650 Dundee Road<br>Northbrook, IL 60062-2747 | 21-19115-LMI<br>TROPICAL FINANCIAL CREDIT UNION<br>3050 CORPORATE WAY<br>MIRAMAR FL 33025-6548 | 21-19115-LMI<br>Webbank/fingerhut<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303-0820 |
| 21-19115-LMI<br>Zakheim & LaVrar, PA<br>1133 South University Drive, 2nd floor<br>Fort Lauderdale, FL 33324-3303 | **21-19115-LMI**<br>**Ana Rita Jamette**<br>**10495 West 34th Ct**<br>**Hialeah, FL 33018-2112** | **21-19115-LMI**<br>**Said Antonio Jamette Lara**<br>**10495 West 34th Ct**<br>**Hialeah, FL 33018-2112** |